[Civ. No. 3654.  First Appellate District. Division One.—December 29, 1920.]

A. H. KOEBIG, Respondent, v. NORTH AMERICAN DREDGING CO. OF NEVADA (a Corporation), Appellant.

[1] CONTRACT—ASSIGNMENT OF CONTRACT FOR ELECTRIC POWER—PERCENTAGE OF DREDGING OPERATIONS — APPLICABILITY TO NEW AND SUPPLEMENTAL CONTRACT WITH MUNICIPALITY.—An agreement to pay the plaintiff an amount equal to one cent per cubic yard of material dredged through the use of defendant's dredge while the same was being used by a city for dredging purposes, in consideration of the assignment by the plaintiff to the defendant of a contract which the plaintiff held with a power company for the furnishing of electric power for dredging purposes at such place, covered a new and supplemental contract entered into between the defendant and the city after the funds which had been set apart for dredging purposes had been exhausted, where under the latter contract the dredger was to be continued to be used and operated by the same power which the defendant acquired the right to use under the assigned contract of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb for Appellant.

Ralph Bandini for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in an action brought to recover the sum of $3,028, claimed to be a balance due from the defendant to the plaintiff under a certain agreement in writing which, as set forth in the complaint, reads as follows:

"A. H. Koebig, Sr.,
      "Los Angeles, California.
"Dear Sir:
      "In consideration of your assigning the agreement which you hold with the Southern California Edison Company, to furnish electric power for dredging purposes at

Newport Beach, California, to C. F. Guthridge, the North American Dredging Company of Nevada, a corporation, hereby agrees to pay you an amount equal to one cent per cubic yard of material dredged through the use of said company's dredge leased to said city of Newport on November 20th, 1918, such payments to be made out of moneys as received from said city as rental for said dredge; provided, however, that any sum over and above $2500.00 which said Southern California Edison Company may charge to said C. F. Guthridge for the construction and erection of a line for transmitting electric current to a point marked station 'S' north, of Bay Island, on the Harbor channel map of Newport Harbor, approved by Paul Kressly, April 30th, 1918, shall be deducted from the amount so to be paid by said North American Dredging Company of Nevada to said A. H. Koebig, Sr., as above specified.

"North American Dredging Company of Nevada, a Corporation.

"By C. F. Guthridge, Vice-President."

The complaint further alleges that prior to the making of said contract between himself and the defendant the latter was negotiating for a contract with the city of Newport Beach, by the terms of which the defendant was to lease to said city of Newport Beach a certain dredger to be used by said city in dredging a channel through its harbor, but was unable to consummate said agreement because of the defendant's inability to provide the electric energy for the operation of said dredger, and for that reason the defendant had entered into the aforesaid contract with the plaintiff, and was thus enabled to consummate their transaction with the city of Newport Beach, and that under their said contract with said city a large amount of dredging was done. The plaintiff further alleges that he performed the portions of said agreement on his part to be performed, and that the defendant proceeded through the aid of the power thus obtained to do the dredging work specified in said agreement, and thereby and in accordance with the terms thereof became indebted to the plaintiff in a certain amount, upon which certain payments were made, leaving a balance due of the sum for which this action has been brought, and which the defendant is alleged to have failed and refused to pay.

The defendant in its answer put in issue the material averments of the plaintiff's complaint, and in addition thereto set forth a state of facts tending to show that the contract which it was alleged to have entered into with the city of Newport Beach had expired by reason of the fact that the funds of the municipality which had been set apart to do said dredging work had become exhausted, and that said defendant had paid to the plaintiff all moneys which had become due prior to the expiration of said contract and termination of said work, and that after the suspension of dredging work under said contract the defendant had entered into a new or supplemental contract with said city of Newport Beach, to which new contract and to whatever dredging work was to be done thereunder the contract between itself and the plaintiff did not apply, and hence that the defendant was under no liability to the plaintiff by reason of any dredging work done under said new and supplemental contract with said city.

The case went to trial upon the issues as thus made up, and upon the submission of the cause the trial court made its findings of fact, following in the main the averments of the plaintiff's complaint, and further finding that the original and supplemental contracts between the defendant and the city of Newport Beach constituted but one entire and inseparable contract, to which the agreement between the plaintiff and the defendant applied, with the result that the defendant was held liable to plaintiff for the percentage to be paid him for all dredging done under both the first and the supplemental agreement, and hence found as a conclusion of law that the plaintiff was entitled to judgment for the balance claimed to be due. Judgment was entered accordingly for said sum; and it is from this judgment that the defendant prosecutes the present appeal.

[1] We find no merit in the appellant's contention that the agreement between itself and the plaintiff was to be confined as to its scope and effect to the original contract between the defendant and the city of Newport Beach. The agreement with the plaintiff does not so state either expressly or by reasonable implication. It was in plain terms an agreement to pay the plaintiff an amount equal to one cent per cubic yard of material dredged through the use of the defendant's dredge while the same was being used by said

city of Newport Beach for dredging purposes and was operated through the power obtained by the defendant through the contract which plaintiff held with the Southern California Edison Company and which had by him been assigned to the defendant. This is made plain by reference to the supplemental contract which the defendant entered into with the city of Newport Beach, and which amounts merely to an extension of the terms of the original contract for the use by said city of the defendant's dredger. Under both the original and supplemental contract with the city of Newport Beach the defendant's dredger was to be used, and was to be operated, and the same was in fact operated, by the use of the electric power to which the defendant acquired the right of use through the assignment to it of the plaintiff's contract with the Southern California Edison Company. The trial court properly treated the arrangement between the defendant and the city of Newport Beach as continuous in its character, and hence as one to which in its entirety the plaintiff's contract applied. This being so, there were no errors committed, we think, in ordering judgment in plaintiff's favor for the amount which became due through the use and operation of the defendant's dredger by the city of Newport Beach under the supplemental arrangement for the completion of the dredging operations for which the defendant's dredger and the plaintiff's contract for electric power requisite to operate the same were acquired.

Judgment affirmed.

Kerrigan, J., and Seawell, P. J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.